**Brian BORONSTEIN, Plaintiff,**

v.

**SANDS HOTEL, CASINO & COUNTRY CLUB, INC., Defendant.**

**No. 91–CIV–0783 (LJF).**

United States District Court, S.D. New York.

Oct. 10, 1991.

Edelman & Weinberg by Jerry Weinberg, New York City, for plaintiff Brian Boronstein.

Bergadano, Zichello & Babchik by Jack Babchik, New York City, for Sands Hotel, Casino & Country Club, Inc.

## OPINION AND ORDER

FREEH, District Judge.

Defendant Sands Hotel, Casino & Country Club, Inc. ("Sands") has moved the Court to transfer this action to the District Court of New Jersey. For the reasons stated below, the motion is denied.

### FACTS

The complaint alleges that on August 8, 1989, plaintiff Brian Boronstein ("Boronstein"), then fourteen years old, slipped and fell in the area around the indoor pool at the Sands hotel in Atlantic City, New Jersey. As a result of his fall, Boronstein claims to have suffered serious permanent injuries. The complaint also seeks recovery on behalf of Boronstein's father, Theodore, for loss of companionship.

This case was initially filed in New York state court, and Sands later removed the matter to this Court. Sands now requests that the case be transferred to the District Court of New Jersey pursuant to 28 U.S.C. § 1404(a).

### DISCUSSION

Under Section 1404(a), a court may order a change of venue "[f]or the convenience of parties and witnesses, in the interest of justice." Sands claims that because it is a New Jersey corporation and because a number of witnesses to the incident are located in New Jersey, the best interests of the parties would be served by a transfer.

However, as Sands itself acknowledges, the plaintiffs here are both New York residents. The plaintiffs argue further that, other than the original emergency room personnel, all persons treating Boronstein's injuries are located in New York. Even if

**658**

a number of fact witnesses are in Atlantic City, that location is not so far distant from the Court that the parties or witnesses will be greatly inconvenienced. Under these circumstances, we decline to disrupt the plaintiff's choice of forum. The motion to transfer is denied.

SO ORDERED.